## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. <u>CR-24-316-R</u> |
| CHANG ZHANG, | ) ) ) | |
| Defendant. | ) | |

## **GOVERNMENT'S MOTION FOR A PRELIMINARY ORDER OF FORFEITURE**

The United States of America respectfully submits its Motion for Preliminary Order of Forfeiture to be entered in the above-entitled case at the time of the Defendant's combined plea and sentencing for the reasons set forth below:

1. On December 8, 2025, or on a date to be set by the Court, Chang Zhang will plead guilty to a one-count Superseding Information (Doc. No. 35) filed July 24, 2025, charging drug conspiracy, in violation of 21 U.S.C. § 846. The Superseding Information sought forfeiture of any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense, and any property used or intended to be used, in any manner or part to commit or to facilitate the commission of such offense, including but not limited to:

   a. real property located at 1900 Lowry Avenue, Oklahoma City, Oklahoma 73129, fully described as: Lot Five (5), Block Two (2), of Oklahoma Industrial Park, and Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof; and

   b. approximately $37,720.00 in funds held in First Enterprise Bank account number XXXX1230.

2. The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853(l), which provides that "[t]he district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section."

3. Fed. R. Crim. P. 32.2 provides, in pertinent part, that:

(b)(1)(A) As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

(b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(b)(2)(A) If the court finds that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant

under Rule 32.2(b)(4).

(b)(2)(C) If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

(i) lists any identified property;

(ii) describes other property in general terms; and

(iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

(b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.   The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

4.   Based upon the plea of guilty, the United States has established the requisite nexus between the property and the offense to which Defendant has pleaded guilty. Accordingly, the property listed above is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

5.   Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1), the United States will publish notice of the Order on the Government's official Internet website, www.forfeiture.gov, in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Such notice will disclose the United States' intent to dispose of the property in such manner

3

as the Attorney General may direct and will direct any person, other than Defendant Chang Zhang, having or claiming a legal interest in the property to file a petition with the Court (and serve a copy on Danielle Connolly, Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.   The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that at the time of the Defendant's combined plea and sentencing, **after** accepting Defendant Chang Zhang plea but **before** sentencing, this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the interest of the defendant in the following described property, and ordering the United States the Drug Enforcement Administration, U.S. Marshals Service, or other appropriate federal agency to seize and maintain custody of the following forfeited property in accordance with the law:

    a. real property located at 1900 Lowry Avenue, Oklahoma City, Oklahoma 73129, fully described as: Lot Five (5), Block Two (2), of Oklahoma

4

      Industrial Park, and Addition to the City of Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof; and

  b. approximately $37,720.00 in funds held in First Enterprise Bank account number XXXX1230.

        Respectfully submitted,

        ROBERT J. TROESTER
        United States Attorney

        s/ Elizabeth M. Bagwell
        Elizabeth M. Bagwell
        Assistant U.S. Attorney (DC 1780082)
        210 Park Avenue, Suite 400
        Oklahoma City, Oklahoma 73102
        (405) 553-8787 (Office)
        (405) 553-8888 (Fax)
        Elizabeth.Bagwell@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on December 5, 2025, I electronically filed the foregoing Motion for Preliminary Order of Forfeiture with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

     I hereby certify that on December 5, 2025, I served the attached document certified mail and/or by personal service by the U.S. Marshals Service on the following, who are not registered participants of the ECF System:

Chang Zhang Defendant

        s/ Elizabeth M. Bagwell
        Elizabeth M. Bagwell
        Assistant U.S. Attorney